**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JONATHAN PACE,

                Plaintiff,

vs.                                                           Case No. 8:17-cv-181-T-JRK

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
_____/

# **OPINION AND ORDER**[1]

## **I. Status**

Jonathan Pace ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of "[g]out," "arthritis," "depression," "sleep apnea," "shortness of breath," "edema," "olecr[]a[non] bursitis," "congestive heart failure," "heart murmur," "h[igh ]b[lood ]p[ressure]," "aortic valve problems," "hyperlipidemia," "hypertension," and problems with the "discs in [his] back." Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed April 14, 2017, at 195-96, 207-08, 221, 234, 383. On August 8, 2013, Plaintiff filed applications for DIB and SSI, alleging an onset disability date of June 12, 2013. Tr. at 318-21 (DIB), 322-27 (SSI). Plaintiff's applications were denied initially, see Tr. at 195-206, 219,

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 11), filed April 14, 2017; Reference Order (Doc. No. 13), entered April 17, 2017.

251-53 (DIB), 207-18, 220, 254-56 (SSI), and were denied upon reconsideration, see Tr. at 221-33, 260-64, 247 (DIB), 234-46, 248, 265-69 (SSI).

On August 11, 2015, an Administrative Law Judge ("ALJ") held a hearing, during which the ALJ heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 151-82. At the time of the hearing, Plaintiff was forty-nine (49) years old. Tr. at 155. The ALJ issued a Decision on December 4, 2015, finding Plaintiff not disabled through the date of the Decision. Tr. at 135-45. Plaintiff then submitted additional evidence to the Appeals Council in the form of a brief authored by his counsel (with attached job descriptions and case law) and medical records. Tr. at 5-6 (Appeals Council exhibit list[2]); see Tr. at 423-48 (brief with attached job descriptions and case law), 8-122 (medical records). On December 16, 2016, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On January 24, 2017, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes a single argument: that the ALJ erred "in misinterpreting [VE] testimony or relying on misleading [VE] testimony which was not supported by the substantial evidence." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 21; "Pl.'s Mem."), filed September 15, 2017, at 2; see id. at 5-9. On December 13, 2017,

---

[2] The Appeals Council exhibit list does not contain the medical records. See Tr. at 5-6. However, Plaintiff's counsel wrote a letter requesting that the Appeals Council consider the medical records. Tr. at 44.

Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Def.'s Mem.") addressing Plaintiff's argument.

After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be affirmed.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 137-45. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since June 12, 2013, the alleged onset date." Tr. at 137 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: cardiomyopathy

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

status post valve replacement surgery, chronic obstructive pulmonary disease (COPD), degenerative joint disc disease with bone spurs, status post left shoulder rotator cuff repair, gout, hypertension, obesity, degenerative disc disease, depression, and anxiety." Tr. at 137 (emphasis and citation omitted). At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 138 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work as defined in 20 CFR [§§] 404.1567(a) and 416.967(a), including the ability to lift 10 pounds occasionally, less than 10 pounds frequently, pushing and pulling also limited to these weights, and stand and/or walk 2 hours and sit 6 hours in an 8-hour workday. He can occasionally climb ramps and stairs, balance, kneel, stoop, crouch, and crawl; but can never climb ladders, ropes, or scaffolds. He can occasionally reach with the left upper extremity, but never overhead. He must avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gases, and poor ventilation, as well as hazardous machinery and unprotected heights. He is able to understand, remember, and carry out detailed but not complex instructions. He is able to interact appropriately with supervisors, coworkers, and the general public. Finally, he is able to maintain attention and concentration for 2 hours at a time and adapt to routine changes in the work place.

Tr. at 139-40 (emphasis omitted). At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work."[4] Tr. at 143 (some emphasis and citations omitted). At step five, the ALJ considered Plaintiff's age ("47 years old . . . on the alleged disability onset date"), education ("at least a high school education and is able to communicate in English"),

---

[4] Plaintiff's past relevant work is "construction worker" and "housekeeper." Tr. at 178.

work experience, and RFC, and relied on the testimony of the VE to find Plaintiff is capable of performing work that "exist[s] in significant numbers in the national economy." Tr. at 143-44 (emphasis and citations omitted). Namely, the ALJ identified representative jobs of "Table Worker," "Assembler," and "Stuffer." Tr. at 144. The ALJ concluded that Plaintiff "has not been under a disability . . . from June 12, 2013, through the date of th[e D]ecision." Tr. at 145 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial

evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted, Plaintiff's single challenge on appeal focuses on the ALJ's reliance on the VE's testimony to make the step five finding that Plaintiff is capable of performing work that exists in significant numbers in the national economy. See Pl.'s Mem. at 2, 5-9. More particularly, Plaintiff questions the VE's testimony regarding the number of jobs available in the national economy, and argues that the testimony "is not supported by the substantial evidence." Id. at 8. Responding, Defendant contends that the ALJ properly relied on the VE's testimony regarding the number of jobs available, and that testimony is supported by substantial evidence. Def.'s Mem. at 4-8.

At step five in the sequential inquiry, "the ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform." Phillips, 357 F.3d at 1239. To make this determination, the ALJ may pose a hypothetical question to a VE. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)). "In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)).

The ALJ is required to "articulate specific jobs" that exist in the national economy "that the claimant can perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation

omitted). "[W]ork exists in the national economy when it exists either in significant numbers in the region where [the claimant] work[s] or in several other regions of the country." 20 C.F.R. § 404.1566(a); see also 42 U.S.C. § 1382c(a)(3)(B).

Here, after the ALJ posed a hypothetical to the VE that comprised of Plaintiff's limitations, the VE testified that "[t]here are jobs in the sedentary work range that would match this hypothetical" that are available in the regional or national economies. Tr. at 179. Specifically, the VE testified Plaintiff could perform the following jobs: 1) "table worker," Dictionary of Occupational Titles ("DOT") number 739.687-182, with "the national number [being] approximately 350,000, and the Florida state-wide number [being] approximately 2,000"; 2) "assembler," DOT number 734.687-018, with "[t]he national number [being] approximately 225,000, and the Florida state-wide number [being] approximately 2,500"; and 3) "stuffer, filling items," DOT number 731.685-014, with "the national number [being] approximately 300,000, and the Florida state-wide number [being] approximately 1,200." Tr. at 179-80. Plaintiff's counsel did not inquire of the VE the basis for these numbers or otherwise question the VE. Tr. at 181. In the written Decision, the ALJ adopted this testimony as part of the step five finding that Plaintiff can perform work that exists in significant numbers in the national economy. Tr. at 144.[5]

As part of the challenge to these findings, Plaintiff relies heavily on an unpublished opinion from the Central District of California: Hong Vo v. Colvin, No. EDCV 14-1105-DFM, 2015 WL 1383138, at *4-6 (C.D. Cal. Mar. 24, 2015) (unpublished). In Hong Vo, the court

---

[5] The ALJ also specifically included in the written Decision that "the [VE's] testimony is consistent with the information contained in the [DOT]." Tr. at 144. Regardless, as the expert, the VE's testimony "trumps" the DOT. See Jones v. Comm'r of Soc. Sec., 423 F. App'x 936, 938 (11th Cir. 2011) (citation omitted).

found error in an ALJ's reliance on VE testimony regarding the number of jobs available in the national economy. Id. The VE in Hong Vo limited the jobs that the claimant could perform to a mere subset of the jobs covered by the DOT codes that were identified by the VE. See id. Based upon that limitation, and comparing the DOT codes with the testimony about the number of jobs available and with the Bureau of Labor Statistics's Standard Occupational Classification System code, the Hong Vo court concluded that the VE's testimony about the number of jobs available was fundamentally flawed and reversal was required. Id.

In this case, there was no such limitation identified by the VE. See Myers v. Colvin, No. 4:15-cv-099-KGB, 2016 WL 845321, at *3 (E.D. Ark. Mar. 2, 2016) (unpublished) (distinguishing Hong Vo and finding "[t]here is no allegation that the numbers the VE provided pertain to statistical groups, rather than to these specific occupations"). Regardless, this Court is not bound by Hong Vo. Indeed, at least one judge on this Court has rejected Plaintiff's counsel's almost identical argument that relied on Hong Vo. See Teague v. Comm'r of Soc. Sec., No. 8:17-cv-461-T-JSS, 2017 WL 6492219, at *4 (M.D. Fla. Dec. 19, 2017) (unpublished), appeal docketed, No. 18-10648 (11th Cir. Feb. 20, 2018). In sum, the undersigned finds that the VE's testimony is supported by substantial evidence, and the ALJ committed no error in relying on that testimony.

### V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **AFFIRMING** the Commissioner's decision.

2. The Clerk of Court is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 28, 2018.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of record